UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KENNETH GORDON WESCOTT,<br><br>    Defendant. | Case No. 2:14-cr-00085-APG-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on *pro se* Defendant Kenneth Gordon Wescott's ("Defendant") motion to dismiss indictment (doc. # 59), filed March 14, 2015, the government's opposition (# 65) filed March 31, 2015, and Defendant's reply (# 81), dated April 10, 2015.

## BACKGROUND

On March 11, 2014, a federal grand jury indicted Defendant with one count of coercion and enticement in violation of 18 U.S.C. § 2422(b).  ( # 1).  Trial is currently scheduled to commence on June 29, 2015.

## DISCUSSION

Defendant moves for dismissal of the indictment against him on two grounds.  First, Defendant argues the indictment fails to allege the specific sexual activity that he committed, and that nowhere in the indictment does it say he is being charged with the manufacture of child pornography under 18 U.S.C. § 2427.  Second, Defendant alleges that 18 U.S.C. § 2422(b) is void for vagueness, and fails to give adequate notice of the conduct which it proscribes.

Defendant explains that the phrase "any sexual activity for which any person can be charged

with a criminal offense" is impermissibly vague, thereby rendering the statute under which he is charged unenforceable. Additionally, he argues that because sexual activity is not defined in § 2422, it can include virtually anything sexual, even acts not requiring physical contact, and that the indictment fails to identify the offending conduct.

The government responds that the indictment is sufficient, and the statute is not vague because meanings of words in a statute are to be determined by common sense reading of the words with consideration given to the context in which they are used.

Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request that the Court can determine without trial of the general issue" may be raised by pretrial motion. A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.). In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

**A.   Constitutionality of the Statute**

A statute is unconstitutionally vague "when it does not sufficiently identify the conduct that is prohibited." *United States v. Wunsch*, 84 F.3d 1110, 1119 (9th Cir. 1996); *see also United States v. Hogue*, 752 F.2d 1503, 1505 (9th Cir. 1985) (A criminal statute is not vague if it provides fair notice of the conduct proscribed.). A statute does not meet this standard when people of ordinary intelligence must "guess at its meaning and differ as to its application." *Wunsch*, 84 F.3d at 1119 (*citing Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)); *see also United States v. Hockings*, 129 F.3d 1069, 1072 (9th Cir. 1997) (*citing United States v. Lanier*, 520 U.S. 259 (1997) ("[A]n act cannot be so vague that 'men of common intelligence must necessarily guess at its meaning and differ as to its application.'")). Such laws are void *ab initio* in order to "avoid punishing people for behavior that they could not have known was illegal." *Wunsch*, 84 F.3d at 1119 (*citing Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972)).

Section 2422(b) criminalizes: (1) the use of a facility of interstate commerce; (2) to knowingly act; and (3) to attempt to persuade, induce, entice or coerce a person under the age of 18 in prostitution

or any sexual act for which he or she could be prosecuted under the law. The Ninth Circuit has held that there is no ambiguous language here. *See United States v. Dhingra*, 371 F.3d 557, 562 (9th Cir. 2004) (rejecting Fifth Amendment vagueness and overbreadth challenges); *United States v. Meek*, 366 F.3d 705, 722 (9th Cir. 2004) (no "First Amendment right to attempt to persuade minors to engage in illegal sex acts."); *United States v. Shill*, 740 F.3d 1347, 1355 (9th Cir. 2014) (rejecting motion to dismiss because of vagueness of "any sexual activity" which would constitute a "criminal offense")*; United States v. Satterlee*, 286 Fed. Appx. 390, 393 (9th Cir. 2008) (the terms "persuade," "induce," "entice," and "coerce," as used in § 2422(b), have a plain and ordinary meaning that does not need further technical explanation.) Thus, the Court concludes that 18 U.S.C. § 2422(b) sufficiently identifies the prohibited conduct, it could be understood by a person of ordinary intelligence in the context of the statutory scheme, and is not unconstitutionally vague.

**B.     Sufficiency of the Indictment**

Federal Rule of Criminal Procedure 7(c)(1) provides that the indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The sufficiency of an indictment is judged by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Id.* An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charges against him which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.; see also Hamling v. United States*, 418 U.S. 87, 117 (1974) (It is generally sufficient that an indictment sets forth the offense in the words of the statute itself, as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, sets forth all the elements necessary to constitute the offense intended to be punished.); *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (same).

Here, the charge follows the language of 18 U.S.C. 2422(b) by alleging that Defendant:
Between on or about December 12, 2013 and January 4, 2014, in the State and Federal

District of Nevada, . . . did use a facility of interstate commerce to knowingly persuade, induce, entice and coerce; and attempt to knowingly persuade, induce, entice and coerce, an individual who has not attained the age of 18 to engage in any sexual activity for which any person can be charged with a criminal offense under federal, state and local law, in violation of 18 USC 2422(b).

The indictment embodies all the elements of the crime. Defendant's argument that the phrase "any sexual activity" must include child pornography misapprehends the applicability of 18 U.S.C. § 2427 regarding the manufacture of child pornography to this indictment. The government has responded that this case does not involve allegations related to child pornography, and a plain reading of 18 U.S.C. § 2422(b) does not require such an allegation. The plain language of § 2422(b) criminalizes "any sexual activity" that constitutes a "criminal offense." A person of ordinary intelligence would have no doubt that criminal liability under the statute does not depend on whether the conduct constitutes child pornography.

The government does not respond, however, to Defendant's argument that the indictment fails to identify the sexual activity or the federal, state, or local law which was allegedly violated. The language of the statute may be used in the general description of an offense, but it must be accompanied with a statement of the facts and circumstances that informs the accused of the specific offense, coming under the general description, with which he is charged. *Russell v. United States*, 369 U.S. 749, 765 (1962); *see also United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001) (indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged). Here, the definition of the offense is generic, that is, that the defendant engaged in "sexual activity." That term is not defined in the statute, and the phrase "any sexual activity for which any person can be charged with a criminal offense under federal, state and local law" encompasses a multitude of crimes.

The indictment for a violation of 18 U.S.C. § 2422 must allege with a sufficient degree of specificity the facts or particular law "for which any person can be charged with a criminal offense" for sexual activity. It is not sufficient that the indictment use generic terms, but must "descend to particulars." *Russell,* 369 U.S. at 765. Since the indictment does not allege, either by citation or sufficient factual allegations, Defendant's criminal sexual activity, or which criminal law was violated, the indictment is deficient. *Compare United States v. Lanzon*, No. 06-20783-CR, 2008 WL 3271092,

at *1-3 (S.D. Fl. Aug. 8, 2008) (dismissing an indictment for a violation of 18 U.S.C. § 2422(b) for insufficiently alleging the underlying illegal sexual activity); *with United States v. Schaefer*, No. S1 07 Crim. 498(DAB), 2008 WL 2332369 (S.D.N.Y. Jun. 2, 2008) (denying as moot a motion to dismiss an indictment for violation of 18 U.S.C. § 2422(b) when the superseding indictment "specifies the provisions of New York Penal Law which define "sexual activity for which a person can be charged with a criminal offense"); s*ee also United States v. Peel,* No. 2:14-cr-00106-GEB, 2014 WL 3057523 (E.D. Cal. Jul. 7, 2014) (dismissing charge under 18 U.S.C. 2423(a), which uses similar language, i.e., "any sexual activity for which any person can be charged with a criminal offense," for failure to allege underlying illegal sexual activity).

The government may file a superceding indictment that provides facts or references to an applicable federal, state, or local criminal law, which prohibits the acts alleged to have been committed by Defendant. Accordingly, Defendant's motion that the indictment is insufficient to state an offense is granted without prejudice, with the government having the opportunity to re-file a proper superceding indictment.[1]

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss the indictment because it is unconstitutionally vague should be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's motion to dismiss the indictment for insufficiency should be **granted without prejudice**. The government should be given the opportunity to re-file a proper superceding indictment.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and

---

[1] The Court has considered but rejects the use of a bill of particulars as a remedy in this instance. A "bill of particulars [cannot] salvage an invalid indictment." *United States v. Zavala*, 839 F.2d 523, 530 (9th Cir. 1988).

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: April 16, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**