# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:14-cr-00085-APG-CWH |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| KENNETH GORDON WESCOTT | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on *pro se* Defendant Kenneth Gordon Wescott's ("defendant") motion to dismiss for lack of territorial jurisdiction (# 80), filed April 10, 2015, the government's opposition (# 91), filed April 27, 2015, and defendant's reply (# 99), filed May 4, 2015.

## BACKGROUND

On March 11, 2014, a federal grand jury indicted defendant with one count of Coercion and Enticement in violation of 18 U.S.C. § 2422(b). ( #1). Trial is currently scheduled to commence on June 29, 2015.

## DISCUSSION

Defendant moves to dismiss the indictment for lack of jurisdiction over the geographical location where the alleged criminal activity took place. Defendant argues that the United States has no territorial jurisdiction to prosecute him for violations of the United States Code because the "police" powers of the government are limited to offenses which occur in locations under the jurisdiction of the United States. Defendant demands the production of various documents to prove ownership of the geographical location where the alleged criminal activity took place. The government responds that

defendant used the internet, an instrumentality of interstate commerce to attempt to persuade a minor to engage in criminal sexual activity, and therefore the federal court has jurisdiction over the offense charged. Defendant replies by restating his previous argument, and adding that a District Court of the United States, but not a United States District Court, has jurisdiction over federal offenses, erroneously distinguishing one as a state court and one as a federal court. Defendant also argues that the United States has no jurisdiction over the internet or interstate commerce.

## ANALYSIS

Federal Rule of Criminal Procedure 12(b)(2) provides that a claim that the indictment fails to invoke the Court's jurisdiction, as Defendant argues, may be made at any time while the case is pending. On this basis, defendant's motion is timely.

Meanwhile, the government contends that defendant, while in Nevada,[1] used the internet to commit the alleged crime. (#1). Accordingly, the government must prove to this Court that the offense occurred using a facility or means of interstate commerce.

Title 18 U.S.C. § 2422(b) provides in pertinent part:

> Whoever, using ... any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States ... knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

In his extensive arguments regarding geographical jurisdiction, Defendant fails to recognize that 18 U.S.C. § 2422(b) prohibits unlawful persuasion of a minor <u>either</u> within the territorial jurisdiction of the United States <u>or</u> by using a facility or means of interstate commerce, that is, the internet, as alleged here. Contrary to defendant's argument, it is well settled that the internet is an instrumentality of interstate commerce. *See United States v. Tello*, 600 F.3d 1161, 1165 (9th Cir. 2010); *see also United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) ("[T]he Internet is an instrumentality and channel of interstate commerce."); *United States v. Tykarsky*, 446 F.3d 458, 470 (3d Cir. 2006) (same). Thus, the Court finds it has federal jurisdiction over the alleged offense, and

---

[1] Defendant concedes that Nevada is a judicial district within the United States. 28 U.S.C. § 108.

the indictment properly invokes this Court's jurisdiction.

## RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** defendant's motion to dismiss for lack of territorial jurisdiction (# 80) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 6, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**