UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH GORDON WESCOTT,<br><br>　　　　　　　　　Defendant. | Case No. 2:14-cr-00085-APG-CWH<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS ON MOTIONS TO DISMISS**<br><br>(Dkt. ##59, 80, 86, 109) |

**Motion to Dismiss for Lack of Territorial Jurisdiction**

On April 10, 2015, defendant Kenneth Wescott filed a Motion to Dismiss for Lack of Territorial Jurisdiction. (Dkt. #80.) On May 6, 2015, Magistrate Judge Hoffman entered his Report and Recommendation (Dkt #109) recommending that the motion be denied. No objection has been filed to that Report and Recommendation, and the time to do so has now passed. Nevertheless, I have conducted a de novo review of the issues set forth in the Report and Recommendation. Judge Hoffman's Report and Recommendation sets forth the proper legal analysis and factual basis for the decision. I hereby accept that recommendation.

**Motion to Dismiss Indictment for Failure to State Offense**

On March 14, 2015, Wescott filed a Motion to Dismiss Indictment for Failure to State Offense. (Dkt. #80.) On April 16, 2015, Magistrate Judge Hoffman entered his Report and Recommendation (Dkt #86) recommending that the motion be granted in part. Judge Hoffman ruled that the statute under which Wescott was charged is not unconstitutionally vague. (Dkt. #86 at 3:9-11.) However, he also ruled that the Indictment (Dkt. #1) is insufficient because it "does not does not allege, either by citation or sufficient factual allegations, [Wescott's] criminal sexual activity, or which criminal law was violated." (*Id.* at 4:26-27.) The Government filed an objection to the portion of the Report and Recommendation finding that the "indictment as currently drafted

is insufficient and/or that an insufficiency, if found, cannot be cured by the filing of a bill of particulars." (Dkt. #101 at 2:1-3.)

I have conducted a de novo review of the issues set forth in the Report and Recommendation pursuant to Local Rule IB 3-2. Judge Hoffman sets forth the proper legal analysis for his decision.

> "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.". . . An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute." . . . "Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."

*Russell v. United States*, 369 U.S. 749, 765 (1962) (citations omitted). While an indictment need not identify every act that constitutes a crime, it must do more than just provide a date range and quote a statute. Here, the Indictment provides no factual allegation other than that "[b]etween on or about December 12, 2013, and on or about January 4, 2014, 2014, in the State and Federal District of Nevada," Wescott violated the quoted language of 18 U.S.C. §2422(b). This lacks the "statement of the facts and circumstances as will inform the accused of the specific offense . . . with which he is charged," as required by *Russell*.

To the extent that the Government contends the Indictment can be cured by a Bill of Particulars, that approach has been routinely rejected. *Id.* at 770 (holding that "it is a settled rule that a bill of particulars cannot save an invalid indictment"); *United States v. Zavala*, 839 F.2d 523, 530 (9th Cir. 1988). Thus, the Indictment is deficient and Wescott's motion to dismiss will be granted. The Government will be given an opportunity to re-file a proper superseding indictment.

IT IS HEREBY ORDERED that Magistrate Judge Hoffman's Report and Recommendation (Dkt. #109) is accepted and approved in its entirety. Defendant's Motion to Dismiss (Dkt. #80) is **DENIED**.

IT IS FURTHER ORDERED that Magistrate Judge Hoffman's Report and Recommendation (Dkt. #86) is accepted and approved in its entirety. Wescott's Motion to Dismiss Indictment for Failure to State Offense (Dkt. #59) is **GRANTED** and the Indictment is **DISMISSED WITHOUT PREJUDICE**. The Government may re-file a proper superseding indictment.

Dated: May 28, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE