UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>v.<br>KENNETH GORDON WESCOTT,<br><br>                            Defendant. | Case No. 2:14-cr-00085-AGP-CWH<br><br>ORDER<br><br>(Mot for Release – Dkt. #113)<br>(Mot Strike – Dkt. #164) |

Before the court is Defendant's Pro Se Motion to Release on Own Recognizance (Dkt. #113).

The motion seeks an own recognizance release because on April 16, 2015, Judge Hoffman issued a report and recommendation that the indictment be dismissed without prejudice as deficient. Wescott states that although the immigration authorities have lodged a detainer, he "has never been offered a bond hearing in front of an immigration judge." Wescott acknowledges that under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may only be reopened if the judicial officer finds that information exists that was not known to the movant at the time of the hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community. He argues that the new information that warrants reopening of the detention hearing was Judge Hoffman's report and recommendation.

The United States opposes the motion and seeks to strike it. *See* Motion to Strike Defendant's Motion to Release on Own Recognizance (Dkt. #164). Although the original indictment was dismissed, a superseding indictment was filed June 2, 2015. Defendant made an initial appearance on the superseding indictment on June 17, 2015, before Judge Ferenbach, entered a plea of not guilty, and Judge Ferenbach ruled that previous pretrial orders remain in

1

1  effect, including the order of detention. The government therefore argues that the Defendant's
2  motion is moot.
3        On the merits, the court finds that Judge Hoffman's report and recommendation is
4  information that was not known to Wescott at the time of the initial detention hearing. However,
5  the court finds that the report and recommendation does not have a material bearing on the issue
6  of whether there are conditions of release that will reasonably assure Wescott will appear in
7  court when required and the safety of the community.
8        After conducting a detention hearing, the court found that Wescott was both a flight risk
9  and a danger to the community as that term is defined by the Bail Reform Act because he was
10 charged with an offense for which the law creates a rebuttable presumption that he should be
11 detained and that he had not rebutted the presumption either as to flight or danger to the
12 community. The offense with which he is and was charged carries a potential ten-year
13 mandatory minimum sentence. The nature and circumstances of the offense charged involve an
14 attempt to lure a child of the age of thirteen into a sexual relationship. The government's proffer
15 indicated that Wescott took affirmative steps to engage in sexual relations with a person he
16 believed was a thirteen-year-old girl. Wescott showed up at a location, arranged via the internet,
17 with sex devices and lubricants intending to have sex with the person he believed was a thirteen-
18 year-old girl. Wescott gave explicit instructions about what type of sex he was interested in,
19 directed the person he believed was a thirteen-year-old girl to wear a dress to make the sexual
20 encounter easier, and directed the person he believed was a thirteen-year-old girl to hide the
21 encounter, all of which demonstrated specific attempts to engage in the conduct charged, and
22 avoid discovery. Although Judge Hoffman found the original indictment was deficient as a
23 matter of law, recommended dismissal and the district judge adopted the report and
24 recommendation (*See* Order (Dkt #121), the grand jury returned a superseding indictment. The
25 order dismissing the case was stayed and the grand jury returned a superseding indictment (Dkt.
26 #126) on June 9, 2015.
27       The court finds that Wescott has not met his burden of showing that the information not
28 known to him at the time of the initial detention hearing has a material bearing on the issue of

1 whether there are conditions of release that will reasonably assure his appearance or the safety of
2 the community.
3       The court will also deny the government's motion to strike.  Although the superseding
4 indictment is grounds for the government's opposition to the motion for release on own
5 recognizance, it is not a basis to strike the motion.
6       **IT IS ORDERED** that:
7       1. Wescott's Motion to Release Defendant on Own Recognizance (Dkt. #113) is
8          **DENIED**.
9       2. The government's Motion to Strike (Dkt. #164) is construed as an opposition to the
10          motion, and **DENIED** with respect to the request to strike the document.
11 DATED this 24st day of July, 2015.

                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE