**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:14-cr-00085-APG-CWH |
| ) | **AMENDED ORDER** |
| vs. ) | |
| KENNETH GORDON WESCOTT, ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Kenneth Wescott's ("Wescott") motion for legal privacy (doc. # 138), filed June 23, 2015, and the government's response (doc. # 145), filed July 8, 2015. Wescott did not file a reply.

Wescott is representing himself in this action. In his motion, Wescott asks the Court to sanction prison personnel for reading his legal documents, and to enter an order prohibiting prison personnel from declining to print his legal documents. With respect to the latter, Wescott indicates that, on June 10, 2015, a prison official named Ms. Tigrett refused to print a motion that Wescott had in his print queue. The motion to be printed is not further described. Wescott further argues that generally, documents take too long to print, but he does not describe any particular document that was delayed, or the length of the delay. Wescott concedes that there are legitimate penological interests served by the oversight of these documents.

The government, in response, argues that the motion is untimely because pretrial motions were to be filed by April 13, 2014. The government also argues that the motion deals with conditions of confinement to be addressed by the grievance process at the prison rather than by the Court. Finally, the government argues that the right of access to the courts requires prison authorities to provide

reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.

As a preliminary matter, the Court will not find the instant motion untimely because Wescott elected to represent himself after the pretrial motions deadline had run. The parties are also advised that the Court will now modify the existing Order Regarding Pretrial Procedure (doc. # 5) to establish that the deadline for pretrial motions under the provisions of LSR 12-1(b) is now August 7, 2015.

With respect to Wescott's other assertions, this Court first notes that the Sixth Amendment guarantees that a defendant in a criminal trial has an independent constitutional right of self-representation, which allows a defendant to refuse the assistance of trained counsel and conduct his own affairs. *Faretta v. California*, 422 U.S. 806 (1975). However, the U.S. Supreme Court has observed that "Faretta says nothing about any specific legal aid that the State owes a *pro se* criminal defendant," such as access to the law library. *Kane v. Garcia Espitia*, 546 U.S. 9, 10, (2005) (per curiam). The Ninth Circuit has also indicated that the Sixth Amendment right to self-representation recognized in Faretta includes a right of access to legal materials necessary to prepare a defense. *Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989). Access to legal materials, however, may be limited when "security considerations and avoidance of abuse by opportunistic or vacillating defendants may require special adjustments." *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985).

Here, Wescott's complaint is that the librarian who prints off his documents is reviewing them and commenting on them. Wescott does not identify any deadline which has been missed, or any actual injury which has resulted from his documents being reviewed. Nor does he identify any document which was printed in an untimely fashion. Assuming, *arguendo*, that he has a due process right to law library access and other resources, Wescott has not substantiated any denial of his right to access legal resources, and the allegations he presents are not sufficient for this Court to find that his ability to prepare a defense has been denied.

Accordingly, **IT IS HEREBY ORDERED** that Wescott's motion for legal privacy (doc. # 138) is **denied**.

**IT IS FURTHER ORDERED** that the Court modifies the existing Order Regarding Pretrial Procedure (doc. # 5) to establish that the deadline for pretrial motions under the provisions of LSR 12-

1(b) is now August 7, 2015.

DATED: July 29, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**