1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:14-cr-00085-APG-CWH |
| Plaintiff, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| KENNETH GORDON WESCOTT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on *pro se* Defendant Kenneth Gordon Wescott's ("Defendant") motion to dismiss the indictment for fatal errors (doc. # 142), filed June 29, 2015, and the government's opposition (doc. # 167), filed July 21, 2015.  Wescott did not submit a reply.

## BACKGROUND

On March 11, 2014, a federal grand jury indicted Defendant with one count of Coercion and Enticement in violation of 18 U.S.C. § 2422(b).  (Doc. # 1).  The original indictment was dismissed by the Court and a superseding indictment was issued by the federal grand jury against Defendant on June 2, 2015. (Doc. # 126).  Defendant was arraigned on June 17, 2015, at which time he entered a plea of not guilty to the superseding indictment. (Doc. # 133).  Trial is currently scheduled to commence on September 28, 2015.

//

//

1

## **DISCUSSION**

2    The original indictment in this case was dismissed because it failed, either by citation or by

3    sufficient factual allegations, to identify Defendant's criminal sexual activity and to refer to the federal,

4    state, or local criminal law that was allegedly violated.  (Doc. # 121).

5    Defendant now moves to dismiss the superseding indictment for insufficiency, claiming that

6    he is unaware of the offenses against which he must defend.  Specifically, Defendant argues that he

7    is unable to understand which of the various offenses listed in the statutes he is alleged to have

8    violated.  Additionally, Defendant argues that 18 U.S.C. § 2422 is unconstitutional, that the elements

9    of the offense have not been sufficiently pleaded, and that he has the defense of entrapment available

10   to him.  The government, in response, disagrees with Defendant's assertions, claiming the indictment

11   is constitutional, the indictment does address the elements of 18 U.S.C. § 2422, and the government

12   did not entrap Defendant.

13   With respect to Defendant's first assertion regarding insufficiency of the superseding

14   indictment, this Court observes that the indictment now alleges that Defendant engaged, and attempted

15   to engage, in a sexual offense as defined in Nevada Revised Statute ("NRS") 179D.097 (defining

16   sexual offenses), NRS 201.520 (sexual conduct), and NRS 432B.100 (sexual abuse).  (Doc. #126,

17   superseding indictment).  As such, the Court finds that the government has remedied the previously

18   insufficient indictment by adding the state statutes defining sexual activity, sexual offenses, and sexual

19   conduct, and therefore the indictment sufficiently alleges the "sexual activity" for which any person

20   can be charged with a criminal offense, as set forth in 18 U.S.C. § 2422(b).  Further, the superseding

21   indictment embodies all the elements of the crime, and clearly informs Defendant of the details that

22   form the basis for the accusation, so as to enable him to prepare his defense and to plead judgment of

23   any further prosecutions for the same offense.  *See Hamling v. United States*, 418 U.S. 87, 117 (1974)

24   ("It is generally sufficient that an indictment sets forth the offense in the words of the statute itself, as

25   long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all

26   of the elements necessary to constitute the offense intended to be punished"); *United States v.*

27   *Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (same).

28   //

With respect to Defendant's assertion regarding the unconstitutionality of the superseding indictment, this Court notes that it previously rejected Defendant's assertion (i.e., that internet use is not a burden on interstate commerce and therefore 18 U.S.C. § 2422(b) is unconstitutional), with the Court rejecting the same assertion at this time. *See* Doc # 109 (Court's prior report). After all, it is well settled that the internet is an instrumentality of interstate commerce, and the indictment properly invokes such to establish this Court's jurisdiction in this case. *See United States v. Tello*, 600 F.3d 1161, 1165 (9th Cir. 2010).

Finally, with respect to Defendant's assertion regarding the government's failure to satisfy all of the elements of the offense (i.e., a victim must be less than 16 years of age and have actual parents or guardians whose express consent was absent or avoided) because Defendant was corresponding with an undercover police officer,[1] and Defendant's affirmative defense of entrapment, the Court finds that it need not consider this prior to trial. The reason is that a motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). Thus, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *Id*. (citation omitted). Nor should a court consider evidence not appearing on the face of the indictment." *Id*. (citation omitted).

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** Defendant's motion to dismiss the indictment for fatal errors (doc. # 142) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and

---

1 The Court notes that an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)). *See United States v. Meek*, 366 F.3d 705, 717 (9th Cir. 2004).

3

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

issues from the order of the District Court. *See Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991);

*Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 4, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4