# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:14-cr-00085-APG-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KENNETH GORDON WESCOTT | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court are Defendant Kenneth Gordon Wescott's ("defendant") motion in limine (doc. # 135), filed June 23, 2015, and the government's response (doc. # 146), filed July 9, 2015. Defendant did not file a reply.  Also before the Court are defendant's motion to dismiss/supplement (doc. # 137), filed June 23, 2015, the government's response (doc. # 149), filed July 13, 2015, and defendant's reply/errata (doc. # 176), filed August 3, 2015.

## BACKGROUND

On March 11, 2014, a federal grand jury indicted defendant with one count of coercion and enticement in violation of 18 U.S.C. § 2422(b).  See Doc. # 1.  The original indictment was dismissed by the Court and a superseding indictment was issued by a federal grand jury against defendant on June 2, 2015.  See Doc. # 126.  Defendant was arraigned on June 17, 2015, at which time he entered a plea of not guilty to the superseding indictment.  See Doc. # 133.  Trial is currently scheduled to commence on September 28, 2015.

//

**DISCUSSION**

1.      **Motion in Limine (doc. # 135)**

Upon review, the Court finds that the instant motion is actually an improperly filed motion regarding miscellaneous relief, which this Court will construe as such and address in this limited respect.

In his motion, defendant complains that he is not being given priority access to the law library, his library use schedule interferes with his other activities, and he had difficulty getting his stand-by counsel's name on the "do not record" list.

The government, in opposition, contends that defendant should have brought his grievances to prison officials using the internal grievance system and, once exhausted, brought a <u>Bivens</u> action. The government also points out that the assignment of library time is properly within the purview of prison administration, which is in a better position to account for the demands of all prisoners and various other considerations, along with the safety of prisoners and staff.  The government then points out that this Court never ordered that a specific library schedule be made available to defendant, with the Court even stating in its order, doc. # 62, that it had no jurisdiction to require the detention center to make defendant's personal preferences available to him.  The government next points out that the only time defendant's time in the library was hindered by prison officials was when he had to wait 20 minutes for another detainee to finish up in the library, with prison officials timely addressing the issue by creating defendant's library schedule after this incident and even assigning defendant 3 of 5 "prime" use hours in hopes of improving and organizing the library schedule for all prisoners.  The government lastly points out that while defendant complains of having difficulty getting his stand-by counsel's name on the "do not record" list, defendant acknowledges that the phone number was added to the list, with the government confirming that the calls were never recorded.

This Court agrees with the government and, again, finds that it has no jurisdiction to order the detention center to make defendant's personal preferences available to him.  The Court also finds that no viable issues are presented before this Court, with the Court noting that prison officials properly addressed plaintiff's grievances regarding his library hours and access to the "do not record" list.  As such, the Court denies the instant motion.

2.      **Motion to Dismiss/Supplement (doc. # 137)**

Defendant seeks to withdraw doc. # 137, explaining that he improperly filed the document on the record.  <u>See</u> Doc. # 176 at 2-3.

Good cause appearing, the Court grants defendant's request.

<u>**CONCLUSION**</u>

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion in limine (doc. # 135), which this Court construes as a motion regarding miscellaneous relief, is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss/supplement (doc. # 137) is **withdrawn**.

DATED: August 31, 2015

_____

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3