## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:14-cr-00085-APG-CWH |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| KENNETH GORDON WESCOTT, ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on *pro se* Defendant Kenneth Gordon Wescott's ("Wescott") motion to dismiss the indictment for prosecutorial misconduct, bias, and prejudice (ECF No. 183), filed August 7, 2015, and the government's opposition (ECF No. 186), filed August 24, 2015. Wescott did not file a reply.

## **BACKGROUND**

On March 11, 2014, a federal grand jury indicted Westcott with one count of Coercion and Enticement in violation of 18 U.S.C. § 2422(b). *See* ECF No. 1. The original indictment was dismissed by the Court and a superseding indictment was issued by the federal grand jury against Westcott on June 2, 2015. *See* ECF No. 126. Westcott was arraigned on June 17, 2015, at which he entered a plea of not guilty to the superseding indictment. *See* ECF No. 133. Trial is currently scheduled to commence on September 28, 2015.

//

//

## DISCUSSION

Wescott moves to dismiss the indictment for prosecutorial misconduct, alleging that he did not receive any documents from the government during the month of June and the first three weeks of July. In support, Wescott alleges that the government failed to serve him documents filed after ECF No. 122 and before ECF No. 145 on the record. Wescott also alleges that he received the government's responses (ECF Nos. 145, 146, 147 [refiled as 149], and 150) to his motions only after the Court ordered that they be sent to him. However, because Wescott purportedly did not receive these documents until July 20, 2015, Wescott contends that he did not have sufficient time to file replies, which resulted in the Court's denial of his motions.[1]

The government, in opposition, denies any misconduct and argues that Wescott had ample opportunity to reply to its responses.

Unless otherwise established by a court, the time for filing motions, responses, and replies in criminal cases is governed by the court's local rules, which provide that:

> (a) Unless otherwise specified by the Court;
> (1) Each party shall have thirty (30) days from the time of arraignment within which to file and serve the pretrial motions and notices specified in subsection (b) of this Rule;
> (2) Responses to such motions shall be filed and served within fourteen (14) days from the date of service of the motion; and,
> (3) **A reply brief may be filed and served within three (3) days from the date of service of the response**. The reply brief shall only address arguments made in response to the motion.

Loc. Crim. R. 12-1(a) (emphasis added).

This Court's review of the record reveals that from May 28, 2015 to July 8, 2015, none of the documents filed after ECF No. 122 and before ECF No. 145 (i.e., ECF Nos. 123 to 144) were pleadings, motions, or responses that required or authorized a reply from Wescott. A review of the record also reveals that the government's responses to Wescott's motions–ECF Nos. 145, 146, 147[2] (refiled as 149), and 150–were mailed to Wescott on July 16, 2015. *See* ECF No. 161. Wescott admits

---

[1] Wescott also mentions a dispute regarding "Freedom of Information" documents, but the documents are not identified or attached to the instant motion. *See* ECF No. 183 at 3. Because Wescott fails to provide sufficient information, this Court refrains from ruling on the issue.

[2] The Court notes that ECF No. 148 is a non-substantive clerk's entry of "wrong event selected by attorney" requiring the refiling of ECF No. 147.

that he received the responses on July 20, 2015 (*see* ECF No. 183 at 3), which means that Westcott's reply briefs were due on July 23, 2015. *See* Loc. Crim. R. 12-1(a)(3). Wescott did not bother to file reply briefs or to request an extension of time to file his replies. Moreover, a review of the Court's analysis for each motion reveals that Wescott's assertion regarding denial of his motions for failing to reply is meritless because the motions were denied for, among others, failing to state a viable claim for relief, and a reply brief would not have cured the deficiency. For example, Westcott's Ex Parte Motion for Legal Privacy (ECF No. 138) was denied because Wescott failed to allege any injury warranting relief. *See* ECF No. 170. Next, Westcott's Motion in Limine (ECF No. 135) was denied because the Court found that the issues presented were properly and timely addressed by prison officials, and the Court had no jurisdiction to make Westcott's personal preferences available to him. *See* ECF No. 190. Moreover, Westcott withdrew his Supplement to the Motion in Limine (ECF No. 137) on August 3, 2015. *See* ECF No. 176 at 2-3; ECF No. 190 at 3. With respect to Wescott's Emergency Motion for Medical Treatment (ECF No. 141), the Court ordered and obtained a report, along with Wescott's medical records, and conducted a hearing on July 28, 2015, at which Wescott was given sufficient opportunity to present his arguments before the motion was denied. Lastly, Wescott's Motion to Renew (ECF No. 136) was denied without prejudice a day after it was filed because the motion was procedurally flawed. *See* ECF No. 140.

Meanwhile, a review of the record from July 13, 2015 through August 7, 2015 (i.e., ECF Nos. 151 to 183) reveals that the government served each of its responses on Wescott. The Court also notes that while Wescott complains of prosecutorial misconduct, he indicates in his motion that issues with filing his replies arose from difficulties with the prison law library and not from any action by the prosecution. Based upon the foregoing, the Court denies the instant motion.

### RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** Wescott's motion to dismiss the indictment for prosecutorial misconduct, bias, and prejudice (ECF No. 183) be **denied**.

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may

1  file a written objection supported by points and authorities within fourteen days of being served with
2  this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive
3  the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).
4      DATED: September 8, 2015

                                                _____
                                                **C.W. Hoffman, Jr.**
                                                **United States Magistrate Judge**