# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            Plaintiff, )<br>vs. )<br>KENNETH GORDON WESCOTT, )<br>            Defendants. )<br>_____ ) | Case No. 2:14-cr-00085-APG-CWH<br><br>**REPORT AND**<br>**RECOMMENDATION** |

This matter is before the Court on *pro se* Defendant Kenneth Gordon Wescott's ("Westcott") motion to dismiss the indictment for lack of specific intent and fatal errors (ECF No. 184), filed August 7, 2015, and the government's opposition (ECF No. 187), filed August 24, 2015. Wescott did not file a reply.

## BACKGROUND

On March 11, 2014, a federal grand jury indicted Westcott with one count of Coercion and Enticement in violation of 18 U.S.C. § 2422(b). (ECF No. 1). The original indictment was dismissed by the Court and a superseding indictment was issued by the federal grand jury against Westcott on June 2, 2015. (ECF No. 126). Westcott was arraigned on June 17, 2015, at which he entered a plea of not guilty to the superseding indictment. (ECF No. 133). Trial is currently scheduled to commence on September 28, 2015.

//

//

**DISCUSSION**

Wescott first argues that the government will be unable to demonstrate at trial that he possessed the specific intent to commit the crime with which he is charged, and that he was entrapped. Westcott also alleges that there are fatal errors in the indictment. Specifically, Wescott alleges that the location and dates of the offense are not set forth in the indictment. Thus, Wescott concludes that the indictment must be dismissed.

According to the government, the requested relief of dismissal is not appropriate for a pretrial motion when there are questions of fact that must be determined by a jury. The government also alleges that the location and dates of the offense are sufficiently set forth in the indictment.

Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request that the Court can determine without trial of the general issue" may be raised by pretrial motion. A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). In ruling on a pretrial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

The questions of whether Wescott had sufficient criminal intent to commit the charged crime, and that he was entrapped, are undeniably questions of fact. It would be premature and inappropriate for the Court to issue a ruling on the sufficiency of the indictment under Rule 12(b) because a motion to dismiss the indictment cannot be used as a device for summary trial of the evidence. *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). Indeed, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *Id*. (citation omitted). Nor would this Court consider evidence not appearing on the face of the indictment." *Id*. (citation omitted).

Meanwhile, Wescott argues that the indictment is fatally flawed because it fails to set forth the location and specific date of the offense. Federal Rule of Criminal Procedure 7(c)(1) provides that the indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The sufficiency of an indictment is judged by "whether the indictment

2

adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). The indictment itself should be: (1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense. *Id.* An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charges against him, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.; see also Hamling v. United States*, 418 U.S. 87, 117 (1974) (Generally, an indictment is sufficient if it states the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.); *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (same).

Here, the charge follows the language of 18 U.S.C. § 2422(b) and alleges that the offense was committed " between on or about December 12, 2013 and January 4, 2014, in the State and Federal District of Nevada." The indictment adequately states the location and dates of the alleged offense.[1] Wescott's concern that he would be unable to plead acquittal or conviction as a bar to future prosecutions is not well-founded. To the contrary, the breadth of the indictment ensures that a subsequent indictment for the same conduct anywhere in Nevada during the alleged time period would be barred. Whether the government can prove its allegations is a matter to be resolved at trial. *See Jensen*, 93 F.3d at 669.

## RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Westcott's motion to dismiss the indictment for lack of specific intent and fatal errors (ECF No. 184) be **denied**.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with

---

[1] The Court also notes that it entered a report and recommendation (ECF No. 179) finding that the superceding indictment is legally sufficient, with Wescott failing to object to that report and recommendation.

3

this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive

the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 8, 2015

_____

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4