DANIEL G. BOGDEN
United States Attorney
District of Nevada
ALLISON HERR
Special Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
PHONE: 702-388-6336
FAX: 702-388-6020

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:14-cr-00085-APG-CWH |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REQUESTING ISSUANCE OF A SUBPOENA PURSUANT TO FRCP 17(b) (Dkt #203) |
| vs. | |
| KENNETH GORDON WESCOTT, | |
| Defendant. | |

COMES NOW the United State of America, by and through DANIEL G. BOGDEN, United States Attorney, and Allison Herr, Special Assistant United States Attorney, and files this Response to the *Defendant's Motion For (Sic) Requesting Issuance of a Subpoena Pursuant to FRCP 17(b)* filed on September 17, 2015 by Defendant KENNETH GORDON WESCOTT (hereinafter "Wescott") acting as his own counsel. (Dkt #203). Defendant Wescott seeks the issuance of a subpoena to Chief Segwick whom he identifies as the Chief of Security for the Nevada Southern Detention Center.

**ARGUMENT**

The defendant has filed a motion seeking issuance of one subpoena on his behalf for taped conversations between the defendant and the office of his stand-by counsel. Clearly, the

defendant has a right to subpoena witnesses for trial, which is currently set for September 28, 2015, as Federal Rule of Criminal Procedure 17(b) provides that,

> Upon a defendant's ex parte application, the count must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

The Court upon review of the Defendant's exparte petition ordered that the motion would be made viewable to the Government so they could file responsive pleadings, presumably because of the failure to show the necessity of the witness.

While the Government does not oppose *per se* the issuance of a subpoena, the Government notes the form of the request is for a "subpoena" rather than a "subpoena duces tecum", so there may be issues with enforceability, as the substance of the request is for the production of documents rather than the testimony of a witness. Moreover, the compliance date is the same date as the trial, thus there may be problems with the admissibility of any documents received as the late compliance date will deprive both sides of a pre-trial review of the documents, and further will not allow compliance with this court's trial order. Finally, some communications may be subject to privilege and the defendant should be aware that by placing those communications in evidence, he may be waiving that privilege. Consequently while the Government does not oppose the issuance of trial subpoenas, they do not waive their right to raise any lawful objections to admission of the evidence at the time of trial.

The primary concern here is with the showing of necessity. *Federal Rule of Criminal Procedure 17* allows a defendant to submit an ex parte application requesting the court to order that a subpoena to be issued for a named witness. *Federal Rule of Criminal Procedure 17(b).* In order to secure the subpoena a defendant must show (1) "an inability to pay the witness's fees" and (2) "the necessity of the witness's presence for an adequate defense." *Id.* Additionally,

*Federal Rule of Criminal Procedure 17(c)(2)* provide that a court may quash or modify a subpoena "if compliance would be unreasonable or oppressive."

Rule 17 however does not broaden the limited discovery available in criminal cases; rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material. See *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951). A defendant may not use a Rule 17 Subpoena to seek material that they are prohibited from obtaining under Rule 16. See, e.g., *United States v. Cherry*, 876 F.Supp. 547, 552 (S.D.N.Y.1995) (noting that Rule 17 subpoenas cannot be used to "undercut[ ] the strict limitation of discovery" found in Rule 16).

A subpoena duces tecum in a criminal case is not properly used as a discovery tool, but only to ensure that documents are brought to trial early enough that the opposing party may review them before they are offered into evidence. *United States v. Nixon*, 418 U.S. 683, 698–99 & n.11 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)).

Any application for subpoenas must be made in good faith and not intended as a general "fishing expedition." *Nixon*, 418 U.S. at 699-700; accord *Bowman Dairy*, 341 U.S. at 219-22; *see also United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D.Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused"). The use of information for impeachment purposes has generally been held to be insufficient to justify pretrial production of documents. *Nixon,* 418 U.S. at 701; *Fields*, 663 F.2d at 881. Essentially, the Nixon standard requires a showing of relevance, admissibility, and specificity. *See Nixon*, 418 U.S. at 701.

Defendant Wescott fails to make the required showing of the necessity of this information, or to show the relevancy, admissibility and specificity of the request. Consequently the Defendant's motion should be denied.

Dated this 20th day of September, 2015.

                                              Respectfully Submitted,

                                              DANIEL G. BOGDEN
                                              United States Attorney

                                                  //s//
                                              ALLISON HERR
                                              Special Assistant United States Attorney