UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>KENNETH GORDON WESCOTT, )<br>　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants. )<br>_____) | Case No. 2:14-cr-00085-APG-CWH<br><br>**ORDER**<br>(Re: ECF No. 219) |

　　　　This matter is before the Court on *pro se* Defendant Kenneth Gordon Wescott's ("Wescott") second motion for issuance of Rule 17 Subpoenas (ECF No. 219), filed October 9, 2015.[1] Also before the Court is the government's response (ECF No. 231), filed October 26, 2015. Wescott did not file a reply.

　　　　Wescott has filed a renewed motion, under Rule 17(c) of the Federal Rules of Criminal Procedure ("FRCP"), for the production of documents from six entities, including: Google, Text Me, Yahoo!, U.S. Department of Justice, the Federal Bureau of Investigation, and the City Attorney for the Henderson Police Department. Wescott previously submitted a nearly identical request to the instant motion, on July 14, 2015 (ECF No. 154), which this Court denied without prejudice for various insufficiencies. *See* ECF No. 175. In his renewed motion, Wescott indicates that the information he seeks is required to prove that the detective who contacted him was not supposed to make "first

---

[1] Upon review, the Court finds that the instant motion is a motion for subpoena duces tecum of documents, which the Court will address as such.

contact," and to prove the existence of related documents, which the prosecution has denied.

In response, the government does not oppose Wescott's request for documents from Google, Text Me, and Yahoo!, and concedes that Wescott has now provided date ranges, production dates, and the identities of persons connected with the telephone numbers and email addresses at issue. However, the government points out that Wescott appears to be using the instant motion to broaden the limited discovery available in criminal cases. With respect to Westcott's requests for documents from the U.S. Department of Justice, the Federal Bureau of Investigation, and the City Attorney for the Henderson Police Department, the government specifically opposes these requests, claiming the requests exceed the limitations of discovery under Rule 16 of the FRCP. See Fed.R.Crim. P. 16.

Under Rule 17(c) of the FRCP, a court has discretion to direct that a subpoena duces tecum for documents and objects be made returnable before trial. See Fed.R.Crim.P. 17(c)(1); United States v. Phua, No. 2:14-CR-00249-APG-PAL, 2014 WL 4830182, at *2 (D. Nev. Sep. 30, 2014). However, Rule 17(c) is not a discovery device and may be used only to obtain evidentiary materials. See United v. Sellers, 275 F.R.D. 620, 622 (D. Nev. 2011). The burden is on the moving party to show "good cause" for the production of materials before trial. Id. at 623. In determining whether "good cause" exists, courts generally follow the standard established by United States v. Iozia, 13 F.R.D. 335 (D.C.N.Y. 1952). See Phua, 2014 WL 4830182, at *3; United States v. Estes, No. 3: 15-CR-015-LRH-VPC, 2015 WL 5780274, at *1 (D. Nev. Oct. 1, 2015). "Good cause" exists when: (1) the documents at issue are evidentiary and relevant; (2) defendant cannot reasonably procure the documents in advance of trial by exercising due diligence; (3) defendant cannot properly prepare for trial without production and inspection of the documents in advance of trial, and failure to obtain inspection may unreasonably delay trial; and (4) the application is made in good faith and not intended as a general fishing expedition. Iozia, 13 F.R.D. at 338. In addition, the moving party must show that the materials requested are relevant, admissible, and specific. See Estes, 2015 WL 5780274, at *1. Conclusory assertions are insufficient to satisfy the moving party's burden. Id.

The Court finds that Westcott is not entitled to the information sought from the U.S. Department of Justice, the Federal Bureau of Investigation, and the City Attorney for the Henderson Police Department. As the Court previously held (ECF No. 175), the requests directed at these

agencies are vague, unnecessarily broad, contain no date limitations, do not clearly specify a particular document, and instead ask for "any documents that pertain to" a long list of various types of investigations concerning minors and crimes facilitated by technology.  Additionally, the request for documents regarding Drug Stash House Stings do not appear to be remotely relevant to the present case.  The Court therefore finds that compliance with these three subpoenas, as written, would be unreasonable and oppressive.

With respect to Westcott's request for documents from Google, Text Me, and Yahoo!, this Court finds that Westcott has shown the requested information is: (1) relevant in determining defenses and strategies relating to the charge of coercion and enticement of a minor for which Westcott was indicted; (2) admissible because the information could be used, among others, to potentially impeach government witnesses; and (3) specific in identifying the types of materials sought.

The Court also finds that Wescott satisfies the "good cause" requirement under Iozia.  First, Wescott has shown that the requested materials are both relevant and evidentiary.  Wescott has also exercised due diligence in attempting to obtain the materials from a third party in advance of trial.  Moreover, Wescott has shown how he would be prejudiced if he were unable to obtain the requested information before trial, which could potentially delay trial in this case.  Finally, Wescott has shown good faith in requesting the materials, and there is no evidence that the request is intended as a fishing expedition.  Given such, the Court grants Westcott's motion in part.

Accordingly, **IT IS HEREBY ORDERED** that Wescott's second motion for issuance of Rule 17 Subpoenas (ECF No. 219) is **granted in part and denied in part**.  Wescott shall prepare his subpoenas for Google, Text Me, and Yahoo! as set forth in his motion, and serve these subpoenas on the respective entities **no later than November 27, 2015**.

DATED: November 5, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**