# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cr-00085-APG-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH GORDON WESCOTT ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on *pro se* Defendant Kenneth Gordon Wescott's ("Wescott") *ex parte* motion for appointment of law clerks (ECF No. 258), filed December 18, 2015.

In his motion, Wescott asks the Court to appoint six law students to his standby counsel, Christopher Rasmussen ("Rasmussen"), under Local Rule IA 10-7(a)[1] so these students can assist in preparing Wescott's defense. Wescott indicates that he "was presented with a defense by Mr. Rasmussen on 11/13/2015," and "Mr. Rasmussen agrees that it is a viable defense." ECF No. 258 at 4. Wescott argues that he is unable to perform the legal research necessary to present his defense and needs the law students to work under Rasmussen's supervision to help him prepare for trial.

The Court has previously defined Rasmussen's responsibilities as standby counsel, finding that Rasmussen may only advise and assist Wescott regarding basic pretrial and trial procedures, basic rules of courtroom protocol, and overcoming routine obstacles at trial. *See* ECF No. 124. Presenting

---

[1] Wescott cites the wrong rule. The local rule applicable to law students is LR IA 10-5(a). This local rule allows law students to appear before a federal court under certain circumstances. *See* Loc. R. IA 10-5(a).

a viable defense is not among Rasmussen's duties as standby counsel, nor is conducting legal research. Additionally, the Court has previously ordered that Rasmussen's paralegal not do any further work for Wescott without express permission from the Court because such work exceeds the scope of standby counsel's role. *See* ECF No. 224. This Court reminds Wescott that he assumed the responsibility of conducting his own defense in this case. Thus, Wescott should not expect any legal assistance from Rasmussen in the manner described in the present motion, as it would require Rasmussen to supervise law students, which is far beyond Rasmussen's role of standby counsel. The Court also finds that the present request fails to identify any specific work that needs to be performed and that is within Rasmussen's scope of responsibilities as standby counsel.

Accordingly, **IT IS HEREBY ORDERED** that Wescott's *ex parte* motion for appointment of law clerks (ECF No. 258) is **denied**.

DATED: December 22, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**