**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00085-APG-CWH |
|---|---|
| Plaintiff, | |
| v. | **ORDER EXCLUDING EXPERT TESTIMONY OF DR. MARK CHAMBERS** |
| KENNETH WESCOTT, | |
| Defendant. | (ECF No. 296) |

Defendant Kenneth Wescott filed a Notice of Expert Witness stating that he intends to call Dr. Mark Chambers to testify that Wescott "does not have a sexual attraction to children." ECF No. 291. The Government moves to exclude the expert testimony of Chambers, arguing, in part, that it is irrelevant, and thus inadmissible, under Federal Rules of Evidence 401, 402, and 702(a). ECF No. 296. I grant the Government's motion.

Expert testimony is admissible under Federal Rule of Evidence 702 when it will assist the jury "to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. "This condition goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993).

The superseding indictment charges Wescott with one count of Coercion and Enticement in violation of 18 U.S.C. § 2422(b). ECF No. 126. To prove Coercion and Enticement under § 2422(b), the Government must prove that the defendant "knowingly (1) attempted to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense." *United States v. Goetzke*, 494 F.3d 1231, 1234 (9th Cir. 2007). Under § 2422(b), the relevant focus is "the intended effect of the communication rather than the defendant's intent to commit the underlying sexual activity." *United States v. Hofus*, 598 F.3d 1171, 1178 (9th Cir. 2010).

Following the reasoning in *Goetzke*, the Ninth Circuit in *Hofus* affirmed a district court's decision to exclude expert testimony that the defendant was a pedophile in a § 2422(b) coercion

and enticement case because such testimony was irrelevant. *Id.* ("Thus, expert testimony as to whether [the defendant] was likely to actually have sex with [the minor] was irrelevant to whether [the defendant] violated § 2422."). The *Hofus* court recognized that while sexual attraction to children could hypothetically be relevant if the charge required proof the defendant actually attempted to engage in sexual activity with the minor, it was not relevant to a charge under § 2422(b), which criminalizes the "attempt to achieve the mental act of assent, as opposed to an attempt to engage in intercourse." *Id.* at 1179. Therefore, the court found the testimony both irrelevant and "likely [to] confuse the jury as to which intent it was required to find [the defendant] possessed." *Id.*

In response to the Government's motion, Wescott cites to a D.C. Circuit case which ruled that an expert should have been allowed to testify in a § 2422(b) coercion and enticement case that the defendant was a "fantasist with no real sexual interest in children." *United States v. Hite*, 769 F.3d 1154, 1169 (D.C. Cir. 2014). However, in that case the appellate court noted that both the Government and the defendant viewed the issue of whether the defendant possessed a sexual interest in children as "crucial" and that the district court "had acknowledged that, 'whether or not the Defendant is sexually attracted to children, though not necessarily dispositive, is *relevant* to the broader question of whether, based on all of the evidence presented to the jury, the Defendant intended to entice or coerce the fictitious minors to engage in illicit sexual activity.'" *Id.* (citation omitted) (emphasis in original). Furthermore, in that case, the Government itself "began its closing argument by highlighting Hite's sexual interest in children and arguing to the jury that 'we're here because of the interest, interest in sexual activity with minors.'" *Id.* (citation omitted). Therefore, because the district court had determined that the defendant's sexual interest in children was relevant, the D.C. Circuit found that the district court erred by not allowing the defendant to introduce expert testimony that he did not possess such an interest. *Id.* Thus, even if *Hite* had precedential value, it is distinguishable from this case.

While I am sympathetic to Wescott's reasons for wanting to introduce Dr. Chambers' testimony, I am bound by the Ninth Circuit's decisions in *Goetzke* and *Hofus*. Because Dr.

Chambers' testimony is irrelevant to the charged offense, and also likely to confuse the jury as to the intent it is required to find Wescott possessed, I grant the Government's motion to exclude.

IT IS THEREFORE ORDERED that the Government's motion to exclude the expert testimony of Dr. Mark Chambers **(ECF No. 296) is GRANTED**

DATED this 20th day of June, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE