UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00085-APG-CWH |
|---|---|
| Plaintiff, | **ORDER REGARDING MOTION FOR RETURN OF PROPERTY** |
| v. | |
| KENNETH GORDON WESCOTT, | (ECF No. 401) |
| Defendant. | |

After being sentenced, defendant Kenneth Wescott filed a motion for return of his property under Rule 41(g).[1] ECF No. 401. Mr. Wescott seeks return of data stored on his computers and electronic devices that are subject to forfeiture. I heard initial oral arguments on his motion during the April 4, 2017 hearing on the Government's motion for a final order of forfeiture.

The resolution of this motion is governed by *United States v. Gladding*, 775 F.3d 1149 (9th Cir. 2014). In that case, the Ninth Circuit confirmed that after the defendant has pleaded guilty, "the defendant 'is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property.'" 775 F.3d at 1152 (citations omitted). The difficulty and cost of segregating data can be a legitimate reason for the government to keep the property. *Id.* at 1154. The court further "noted the 'spirit of [Rule 41(g)] is one of compromise' that 'recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners.'" *Id.* at 1153-54.

---

[1] Contrary to the Government's statement during the April 4, 2017 hearing, at the end of the sentencing hearing I gave Mr. Wescott permission to file, *pro se*, papers regarding the forfeiture. I deem his Rule 41(g) motion related to the forfeiture so I will deny the Government's request to strike Mr. Wescott's Rule 41(g) motion.

During the April 4 hearing, the parties confirmed that "spirit of compromise" by acknowledging that further discussions may yield a resolution of the motion. I thus order the parties to confer about what data can reasonably be retrieved from the forfeited devices, and then submit either a stipulation or separate briefs with a proposed resolution.

I have granted the government's motion for entry of the final order of forfeiture. While the items listed in that order are now forfeited, the Government shall maintain and not destroy, delete, transfer, or otherwise alienate those items or the data contained in them until either Mr. Wescott's Rule 41(g) motion is resolved or the court orders otherwise.

IT IS THEREFORE ORDERED that the parties shall confer about what data can be reasonably removed from the subject electronic devices. In order to facilitate those discussions, Mr. Wescott may authorize his appellate counsel (William Gamage) to participate. If a resolution is achieved, the parties shall submit a stipulation and proposed order memorializing their agreement. If no resolution is reached, the parties shall file briefs on their respective positions. The stipulation or briefs are due by May 12, 2017.

IT IS FURTHER ORDERED that the Government shall maintain and not destroy, transfer, delete, or otherwise alienate the forfeited items or the data contained in them until either Mr. Wescott's Rule 41(g) motion is resolved or the court orders otherwise.

Dated: April 5, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE